UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

CIVIL ACTION NO. 06-CV-100-KKC

ANTHONY WASHINGTON                                                      PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

SUZANNE R. HASTINGS                                           RESPONDENT

       Anthony Washington ("Washington"), an individual incarcerated in the United States Penitentiary-Big Sandy in Inez, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 1], and he has now paid the $5 filing fee [Record No. 4].

       This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) permits a court to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

       In his petition, Washington challenges the 2001 decision of the United States Parole Commission ("U.S.P.C.") to deny him parole. Specifically, Washington asserts that the U.S.P.C.'s decision to make an upward departure from the guideline range was arbitrary and capricious, and that in doing so the U.S.P.C. failed to properly apply the applicable portions of the D.C. Code.

Washington has previously raised these identical claims in a prior petition filed with this Court. *Washington v. Dove*, 05-69-DCR, Eastern District of Kentucky. This Court denied Washington's petition for failure to exhaust administrative remedies and because he lacked a due process interest in parole [Record No. 10 therein]. On appeal, the Sixth Circuit rejected Washington's claims on the merits and affirmed that dismissal. *Washington v. Dove*, 05-5820, United States Court of Appeals for the Sixth Circuit. The Sixth Circuit's decision was entered April 25, 2006; Washington filed his current petition raising the same claims on May 17, 2006.

Washington's claims have been rejected on the merits and are barred by res judicata. *Westwood Chemical Co., Inc., v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981) ("A final judgment on a claim is res judicata and bars relitigation between the same parties or their privies on the same claim. It bars relitigation on every issue actually litigated or which could have been raised with respect to that claim.") Preclusion doctrines like res judicata may be raised *sua sponte* by the Court regardless of failure to plead an affirmative defense. *Holloway Const. Co. v. U.S. Dept. of Labor*, 891 F.2d 1211 (6th Cir. 1989). His claims are also barred on the merits for the same reasons articulated by the Sixth Circuit in *Washington v. Dove*, 05-5820, United States Court of Appeals for the Sixth Circuit.

Washington's filing a petition for habeas corpus raising the same claims rejected by the Sixth Circuit less than a month before constitutes an abuse of the judicial process by filing multiple, frivolous, or malicious pleadings. Washington is cautioned that the Court possesses the inherent power to prevent such conduct. *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *In re Green*, 669 F.2d 779, 784 (D.C. Cir. 1981); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) ("'Courts of justice are universally acknowledged to be vested, by their very creation, with power

to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'", citing *Anderson v. Dunn*, 6 Wheat. 204, 227, 5 L.Ed. 242 (1821)); 28 U.S.C. §1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."); *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Washington is advised that if he persists in filing such ill-founded actions, the Court will take affirmative steps to protect the integrity of the judicial process, which may include (but are not limited to) placing restrictions upon his access to the Court.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Petitioner Washington's petition for a writ of habeas corpus is **DENIED.**

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

Dated this 22nd day of June, 2006.



Signed By:
*Karen K. Caldwell*
**United States District Judge**

3